JESSE PHILLIPS, RELATOR, v. WILLIAM H. ALBRIGHT, STATE TREASURER, JOHN J. TOOHEY, COMMISSIONER OF LABOR, AND DANIEL A. SPAIR, SECRETARY OF WORKMEN'S COMPENSATION BUREAU, RESPONDENTS.

Submitted May 7, 1940—Decided November 14, 1940.

Before Justices CASE, DONGES and HEHER.

For the relator, *Emil Neblo*.

For the respondents, *William J. Egan,* assistant attorney-general (*Stephen J. Lorenz,* of counsel).

The opinion of the court was delivered by

HEHER, J. On February 27th, 1928, relator suffered an injury by accident arising out of and in the course of his employment, and thereafter was awarded compensation on the basis of 164 1/7 weeks for temporary and 50 weeks for permanent disability. The award was satisfied by the employer. On May 3d, 1938, under a petition filed by relator on November 17th, 1937, a Deputy Commissioner of compensation adjudged that he was entitled to further compensation from the fund created by chapter 81 of the laws of 1923, as amended by chapter 55 of the laws of 1936 (*Pamph. L.* 1923, *p.* 162; *Pamph. L.* 1936, *p.* 145; now *R. S.* 1937, 34:15-94, 34:15-95), for the benefit of "persons totally disabled, as a result of experiencing a permanent injury under conditions entitling such persons to compensation therefor, when such persons had previously been permanently and partially disabled from some other cause."

Thereupon, the Commissioner of Labor, conceiving that the ultimate authority was his own, undertook to review the findings of the Deputy Commissioner and concluded that the petition had not been presented within the time limited by chapter 198 of the laws of 1938 (*Pamph. L., p.* 474)—*i. e.,* within two years after the date of the last payment of compensation by the employer or his insurance carrier. He dismissed the petition on August 9th, 1938. On *certiorari,* this court concurred in the view thus voiced by the Commissioner of Labor, and ruled also that this statutory right is "subject to the same limitations contained in the act providing for the time in which compensation or increased compensation may be sought." And our court of last resort affirmed the judgment. These decisions are reported *sub nom., Tortoriello* v. *Toohey,* 121 *N. J. L.* 604; *affirmed,* 123 *Id.* 202.

Citing *Walker* v. *Albright,* 119 *N. J. L.* 285, and *Voessler* v. *Palm Fetcheler & Co.,* 120 *Id.* 553; *affirmed,* 122 *Id.* 434, relator maintains that the Deputy Commissioner's findings are binding on the Commissioner of Labor; and the prayer now is for a peremptory writ of *mandamus* commanding enforcement of that determination. It must be denied.

The Deputy Commissioner's action did not, in fact or in

law, constitute a final judgment, for it was a mere "recommendation" to the Commissioner of Labor that the employe be accorded the benefit of the one per cent. fund, so called—a recommendation that was rejected on the merits. It was that in form and substance—nothing more. Plainly, the Deputy Commissioner did not entertain the view that he had decisive authority in the matter. And it is pertinent to note that the conclusions of the Deputy Commissioner are termed a "report" in the writ of *certiorari,* drafted by relator's counsel.

This is also conclusive of relator's contention that the instant petition was "filed and *determined*" prior to the adoption of the act of 1938, *supra,* and therefore the provision thereof limiting the time for the presentation of such applications is not applicable. *Vide Banks* v. *Toohey,* 124 *N. J. L.* 435.

But, if the action of the Deputy Commissioner be deemed a final judgment, it is on well-settled principles *res judicata* of the issue now raised. On the hypothesis that the Commissioner of Labor has no superintendency in such matters, and, as urged by relator, is under a peremptory duty to issue a warrant on the State Treasurer in accordance with the deputy's judgment, and the overriding action of the Commissioner was therefore *coram non judice,* nevertheless the judgment of this court, sustained by our court of last resort, constituted in effect the voiding of the action of the Deputy Commissioner on the merits—*i. e.* its invalidation on the ground that the statutory right was barred by efflux of the time laid down in the statute, for the entire proceedings and all orders and judgments therein were turned for review and correction in consonance with the mandate of the writ. Thus it is that the action of the Deputy Commissioner, if it be deemed a final judgment, was in fact vacated and the petition dismissed; and it now operates, in virtue of such dismissal, as a final disposition of the cause on the merits. The doctrine of estoppel by judgment is operative in such circumstances. *Miller* v. *Stieglitz,* 113 *N. J. L.* 40.

The contention is also made that, since there was not compliance with the provisions of chapter 187 of the laws of 1924

(*Pamph. L., p.* 401), directing the filing of a report of an industrial accident, and so on, "relator's right" was "without limitation" as to time of enforcement, since that was true also of his basic right against the employer.

As to this, it suffices to say that, if the action of the Deputy Commissioner, as thus rectified on *certiorari,* be viewed as a determination and judgment final in character, it is *res judicata* of the issue now presented, since that was a question fully cognizable in that proceeding, and that, if it be considered as a mere inconclusive "recommendation" to the commissioner, and therefore lacking in the elements of a final judgment, section 3 of chapter 198 of the laws of 1938, *supra,* serves to bar the remedy, if not indeed the right itself, inasmuch as that enactment is retroactive "as to petitions filed but not determined" at the time of its passage. *Banks* v. *Toohey, supra.* Moreover, as noted, it was held on the prior adjudication that the limitations of the Compensation act (*R. S.* 1937, 34:15-1, *et seq.*), respecting the enforcement of the employer's obligation to make compensation, are also applicable. *Tortoriello* v. *Toohey, supra.*

Rule discharged, but without costs.